UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HAYDEN A. BEAULIEU,

                Plaintiff,

v.

GREGORY MCKAY, et al.,

                Defendants.

CASE NO. C19-0027-JLR

ORDER REGARDING PENDING MOTION AND SERVICE, AND DIRECTING PLAINTIFF TO SHOW CAUSE

Plaintiff proceeds pro se and *in forma pauperis* (IFP) in this 42 U.S.C. § 1983 matter. Plaintiff alleges "violations of the McKinney-Vento Act as applicable to homeless children and state-law negligence claims" and names "two public employees in their official capacity." (Dkt. 6 at 1.) He specifically identifies as defendants Gregory McKay, Director of the Arizona Department of Child Safety, and Scott VanGerpen, an employee of the Auburn School District.

In his complaint, plaintiff describes events beginning in November 2014, when he was a minor, and became homeless in Washington State following a physical altercation with his father and the issuance of a no-contact order. Plaintiff states he remained homeless in Washington until July 2015, when he flew to Arizona to stay with relatives, but was shortly thereafter removed from those relatives by the Arizona Department of Child Safety. He alleges McKay, through the Arizona Department of Child Safety and by forcing him to remain in foster care in Arizona,

ORDER
PAGE - 1

deprived him of his rights under the McKinney-Vento Act to attend his home school and receive services in his home state. He alleges VanGerpen, his school counselor in Washington, referred him to various homeless shelters, but failed to report and seek intervention by Washington Child Protective Services and that this negligence led to the events he suffered in Arizona.

Plaintiff asserts the tolling of his statute of limitations under ARS § 12-821.01(D) and RCW § 4.16.90 until his eighteenth birthday on August 12, 2018. He seeks three million dollars in damages from McKay for emotional trauma and aggravation of his PTSD, depression, and anxiety symptoms during his three years as a foster child in Arizona, and one million dollars in punitive damages from VanGerpen for negligence of responsibility as a state mandated reporter.

This matter comes before the undersigned for consideration of a Motion for Extension, Service, and Leave to Prepare Summonses. (Dkt. 11.) Plaintiff seeks an extension of time to confer with counsel for defendants and on any deadline for a conference, leave to prepare summonses for defendants, and service of process by a United States marshal. Having considered these requests, the Court finds and concludes as follows:

(1) The Court construes plaintiff's motion as a request for service pursuant to Federal Rule of Civil Procedure 4(c)(3), which requires, "[a]t the plaintiff's request," service by a United States marshal, deputy marshal, or someone specially appointed by the court where the plaintiff is authorized to proceed IFP. *See also Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) ("An IFP plaintiff must request that the marshal serve his complaint before the marshal will be responsible for such service. Boudette did not request service by the marshal and so remained responsible for timely service.") Plaintiff herein proceeds IFP and requests service of process by United States marshal.

However, a complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject

to a mandatory and sua sponte review by the Court, and dismissal is warranted if the Court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. § 1915(e)(2)(B). *See also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). In this case, the Court finds an order directing service premature given deficiencies in plaintiff's complaint. The Court will, accordingly, only address the request for service if plaintiff shows cause as directed below.

(2) Federal Rule of Civil Procedure 8 (a)(2) requires that a pleading contain a short and plain statement of the claim showing plaintiff is entitled to relief. "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8 (d)(1). The complaint must give defendants fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although it need not provide detailed factual allegations, the complaint must give rise to something more than mere speculation that plaintiff has a right to relief. *Id*. Plaintiff must provide more than conclusory allegations; he must set forth specific, plausible facts to support his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-83 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

Plaintiff seeks to proceed under 42 U.S.C. § 1983. To sustain a § 1983 claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The Court finds plaintiff's complaint deficient in several respects.

(a) Plaintiff alleges violation of his rights under the McKinney-Vento Homeless Assistance Act of 1987. 42 U.S.C. § 11301 *et. seq*. This federal law addresses

"the critically urgent needs of the homeless," § 11301(b)(2), including ensuring "equal access to the same free, appropriate public education . . . as provided to other children and youths." § 11431(1). Although the Act itself does not provide a mechanism for civil enforcement of the rights it provides, courts have held a plaintiff may, at least in certain circumstances, enforce those rights by invoking § 1983. *See Lampkin v. District of Columbia*, 27 F.3d 605, 612 (D.C. Cir. 1994); *Nat'l Law Ctr. on Homelessness & Poverty, R.I. v. N.Y.*, 224 F.R.D. 314, 318 (E.D.N.Y. 2004).

Plaintiff does not identify the provision under which he alleges a violation of his rights. He may seek to challenge the fact he was not returned to his school of origin in Washington State. *See* § 11432(g)(3)(A) ("The local educational agency . . . shall, according to the child's or youth's best interest – (i) continue the child's or youth's education in the school of origin for the duration of homelessness . . . or (ii) enroll the child or youth in any public school that nonhomeless students who live in the attendance area in which the child or youth is actually living are eligible to attend.") It is not clear whether this provision applies to the facts of plaintiff's case or whether it establishes a private right of action. If plaintiff proceeds with this action, he must clarify the basis for his claim, set forth specific, plausible facts in support, and identify a viable defendant.

(b) Plaintiff brings claims for damages against McKay in his official capacity as the Director of the Arizona Department of Child Safety. However, "[s]tate officers in their official capacities, like States themselves, are not amenable to suit for damages under § 1983." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 and n. 10 (1989)). A claim against a government official in his official capacity is treated as a claim against the entity itself.

*Community House, Inc. v. City of Boise, Idaho*, 623 F.3d 945, 966-67 (9th Cir. 2010) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)). The Eleventh Amendment serves as a jurisdictional bar to actions for damages against a state in federal court, and the state itself need not be a named party for the Eleventh Amendment to apply.[1] *Leer v. Murphy*, 844 F.2d 628, 631 (9th Cir. 1988) ("If the suit requests that the federal court order a state officer to pay funds from the state treasury for his wrongful acts, the eleventh amendment bars the suit because the state is the real party in interest.") (cited sources omitted). Plaintiff therefore may not pursue his official capacity claims against McKay.

(c) Local government officials may be liable in their official capacities under § 1983 where their "action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978). Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, "the entity's 'policy or custom' must have played a part in the violation of federal law." *Graham*, 473 U.S. at 166 (citation omitted). In this case, while plaintiff brings suit against VanGerpen in his official capacity, he does not identify a policy or custom that played a role VanGerpen's actions or omissions. Plaintiff instead alleges VanGerpen failed to follow applicable policy and/or law. As such, plaintiff's official capacity claims against VanGerpen may not proceed.

(d) Individuals can be held personally liable under § 1983. *Id*. at 165. *See also*

---

[1] Under the Eleventh Amendment, an unconsenting state is immune from suits brought in federal courts by its own citizens. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). This jurisdictional bar extends to state agencies and departments, and applies whether legal or equitable relief is sought, *Brooks v. Sulphur Springs Valley Electric Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)), and extends to any pendant claims asserting violations of state law, *Pennhurst State Sch. & Hosp.*, 465 U.S. at 124-25; *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973-74 (9th Cir. 2004).

ORDER
PAGE - 5

*Hafer v. Melo*, 502 U.S. 21, 30-31 (1991) (Eleventh Amendment does not bar suit against state officials sued in their personal capacities). There is, however, no indication plaintiff seeks to pursue claims against McKay and VanGerpen in their personal capacities.

Nor is it apparent plaintiff could do so. A plaintiff in a § 1983 action must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable based solely on supervisory responsibility or position. *Monell*, 436 U.S. at 691-94. A plaintiff must allege a defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Plaintiff does not identify any personal involvement of McKay, a director of a state department, in events associated with his time in Arizona. McKay's supervisory role does not suffice to impose liability. Also, while alleging McKay violated the McKinney-Vento Act, plaintiff alleges only negligence and other violation of state law by VanGerpen. (*See* Dkt. 6 at 4.) Without a showing of a violation of his rights as protected by the Constitution or created by federal statute, plaintiff may not pursue a § 1983 action against VanGerpen.

(3) Given the above, plaintiff is directed to SHOW CAUSE, within **thirty (30) days** of this Order, why his claims against McKay and VanGerpen and this case should not be dismissed. Should plaintiff seek to respond to this Order with an amended complaint, the amended complaint must be filed under the same case number as this one, and will operate as a complete substitute for, rather than a mere supplement to, the present complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). If no response or amended complaint is timely filed, or if plaintiff files an amended complaint that fails to correct the deficiencies identified above, the Court may dismiss this matter under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which

relief can be granted.

(4) The Clerk is directed to send to plaintiff a copy of this Order and a blank copy of a civil rights complaint form, and to send a copy of this Order to the Honorable James L. Robart.

DATED this 10th day of April, 2019.

Mary Alice Theiler
United States Magistrate Judge