UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HAYDEN A. BEAULIEU,<br><br>                Plaintiff,<br><br>   v.<br><br>GREGORY MCKAY, et al.,<br><br>                Defendants. | CASE NO. C19-0027-JLR-MAT<br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

Plaintiff proceeds pro se and *in forma pauperis* (IFP) in this 42 U.S.C. § 1983 matter. The Court, for the reasons set forth below, finds no basis for granting plaintiff's request for service. (Dkt. 11.) The Court further finds plaintiff's amended complaint subject to dismissal for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## BACKGROUND

Plaintiff filed a Motion for Extension, Service, and Leave to Prepare Summonses. (Dkt. 11.) He sought an extension to confer with counsel for defendants and on any deadline for a conference, leave to prepare summonses for defendants, and service of process by a United States marshal. (*Id.*) Given plaintiff's IFP status and request for service of process by United States

REPORT AND RECOMMENDATION
PAGE - 1

marshal, the Court construed the motion as a request for service pursuant to Federal Rule of Civil Procedure 4(c)(3). Rule 4(c)(3) requires, at a plaintiff's request, service by a United States marshal, deputy marshal, or someone specially appointed by the court where the plaintiff is authorized to proceed IFP. *See also Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) ("An IFP plaintiff must request that the marshal serve his complaint before the marshal will be responsible for such service.") At the same time, a complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject to a mandatory and sua sponte review by the Court, and dismissal is warranted if the Court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. § 1915(e)(2)(B). *See also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Here, upon initial review, the Court found an order directing service premature given deficiencies in the complaint. (*See* Dkt. 15.)

In the original complaint, plaintiff alleged violations of the McKinney-Vento Homeless Assistance Act of 1987, 42 U.S.C. § 11301 *et. seq*. ("McKinney-Vento Act"), and negligence under state law. (Dkt. 6.) He named Gregory McKay, Director of the Arizona Department of Child Safety (DCS), and Scott VanGerpen, an Auburn school district employee, as defendants in their official capacities. He described events beginning in November 2014, when he was a minor and became homeless in Washington following a physical altercation with his father and the issuance of a no-contact order. He remained homeless in Washington until July 2015, when he flew to Arizona to stay with relatives in a trip facilitated by his father. He was shortly thereafter removed from his relatives by DCS. Plaintiff alleged McKay, by forcing him to remain in foster care in Arizona, deprived him of his rights under the McKinney-Vento Act to attend his home school and receive services in his home state. He alleged VanGerpen, his school counselor,

REPORT AND RECOMMENDATION
PAGE - 2

referred him to various homeless shelters, but failed to report and seek intervention by Washington Child Protective Services (CPS) and that this negligence led to the events he suffered in Arizona.

Plaintiff asserted the tolling of his statute of limitations under ARS § 12-821.01(D) and RCW § 4.16.90 until his eighteenth birthday on August 12, 2018. He sought three million dollars in damages from McKay and one million dollars in punitive damages from VanGerpen.

Review of the complaint revealed deficiencies, including a lack of clarity as to whether the McKinney-Vento Act applies to the facts of this case or established a private right of action, and the existence of a viable defendant. (*See* Dkt. 15.) The Eleventh Amendment barred plaintiff's official capacity claim against McKay and he failed to identify a policy or custom that played a role in the alleged acts or omissions of VanGerpen. (*Id*. at 4-5.) Addressing the possibility of personal capacity claims, the Court noted plaintiff failed to identify any personal involvement of McKay in the events at issue and that, while alleging McKay violated the McKinney-Vento Act, plaintiff alleged only negligence and other state law violations by VanGerpen. (*Id*. at 5-6.)

The Court issued an Order informing plaintiff it would only address the request for service if he showed cause why his claims and this case should not be dismissed, and providing him the opportunity to submit an amended complaint. (Dkt. 15.) Plaintiff promptly submitted a First Amended Complaint. (Dkt. 16.) The Court addresses the amended pleading below.

## DISCUSSION

The basic facts set forth in plaintiff's amended complaint remain the same, but he now names as defendants, in addition to VanGerpen, Auburn police officer John Doe, DCS specialist Jane Doe, his father John Beaulieu, his mother Jennifer Beaulieu/Brock, his stepmother Jamie Ritto, and Cam Crites-Pickens, the mother of his childhood friend. He avers defendants caused him physical injury, emotional trauma, and mental confusion, and that the alleged acts and

omissions resulted in post-traumatic stress disorder, the loss of his childhood and scholarships, and ultimately his arrest and incarceration for attempted arson in Arizona. He seeks an equal portion of three million dollars in damages from each defendant and any other relief deemed appropriate.

Plaintiff seeks to proceed in this Court pursuant to 42 U.S.C. § 1983. To sustain a § 1983 claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Federal Rule of Civil Procedure 8 (a)(2) requires that a pleading contain a short and plain statement of the claim showing plaintiff is entitled to relief. The complaint must give defendants fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although it need not provide detailed factual allegations, the complaint must give rise to something more than mere speculation that plaintiff has a right to relief. *Id*. Plaintiff must provide more than conclusory allegations; he must set forth specific, plausible facts to support his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-83 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

A.   Private Actors

Plaintiff maintains his father, mother, Ritto, and Crites-Pickens violated his Fourteenth Amendment rights and were negligent by threatening his safety, violating the no-contact order, sending him to Arizona, allowing him to be homeless, and otherwise failing to protect him. (Dkt. 16 at 3-6, 9.) However, these individuals are private actors not subject to suit under § 1983. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory

or wrongful[.]") (internal quotation marks and quoted sources omitted). While a private party may be found to act under color of state law where they conspire with state officials to deprive others of constitutional rights, plaintiff does not allege or identify facts supporting a conspiracy between these individuals and a state official. *See United Steelworkers of Am. v. Phelps Dodge Corp*., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc) ("To prove a conspiracy between the state and private parties under [§] 1983, the [plaintiff] must show an agreement or meeting of the minds to violate constitutional rights.") (internal quotation marks and quoted sources omitted). *See also Price v. Hawaii*, 939 F.2d 702, 707-09 (9th Cir. 1991) (conspiracy allegations are subject to a heightened pleading requirement and the complaint must contain more than conclusory allegations). The assertion his father and Crites-Pickens, two private parties, acted in collusion to send him to Arizona does not set forth a conspiracy involving a state official. Plaintiff therefore fails to state a § 1983 claim against any of the private actors.

B.     Auburn School Counselor Scott VanGerpen

Plaintiff raises a personal capacity claim against VanGerpen. (Dkt. 16 at 6.) He alleges VanGerpen violated his Fourteenth Amendment rights by failing to adequately protect him when he was homeless and violated state law through the negligent failure to contact CPS. (*Id*. at 6, 9.)

The Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1.[1] The Due Process Clause

---

[1] The Fourteenth Amendment also prohibits a state from denying "to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Plaintiff here alleges VanGerpen "failed to adequately protect him when he was homeless." (Dkt. 16 at 6-7, 9.) He does not allege VanGerpen treated him differently than others similarly situated because of his membership in a protected class. *See Green v. City of Tucson*, 340 F.3d 891, 896 (9th Cir. 2003) (the Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike.") (internal citation omitted); *Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) (to state a § 1983 equal protection claim "a plaintiff must show that the defendant[] acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.")

REPORT AND RECOMMENDATION
PAGE - 5

"was intended to prevent government officials from abusing their power, or employing it as an instrument of oppression." *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) (internal quotation marks and quoted sources omitted). Its substantive component "protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them.'" *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)).[2]

A state actor generally has no constitutional obligation to protect an individual from harm by a third party. *DeShaney v. Winnebago Cty. Dept. of Soc. Servs.*, 489 U.S. 189, 195-201 (1989) This general rule arises from the fact the Due Process Clause "is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security." *Id.* at 195. "It forbids the State itself to deprive individuals of life, liberty, or property without 'due process of law,' but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means." *Id.* It does not confer an "affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *Id.* at 196 (finding a social services agency and social workers did not violate a child victim's substantive due process rights by failing to protect him from his abusive father, notwithstanding significant evidence establishing the child was subjected to beatings).

Generally, therefore, a state actor is not liable under the Due Process Clause "for its omissions." *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1086 (9th Cir. 2000). The

---

[2] The Due Process Clause encompasses both procedural fairness (procedural due process) and substantive rights (substantive due process). *Zinermon v. Burch*, 494 U.S. 113, 125-28 (1990). Plaintiff does not challenge procedures used in effecting a deprivation of constitutional rights. *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006) (a procedural due process claim challenges the procedures used in effecting a deprivation, whereas a substantive due process claim challenges the governmental action itself).

REPORT AND RECOMMENDATION
PAGE - 6

two exceptions to this general rule include: "(1) when a 'special relationship' exists between the plaintiff and the state (the special-relationship exception); and (2) when the state affirmatively places the plaintiff in danger by acting with 'deliberate indifference' to a 'known or obvious danger' (the state-created danger exception)." *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971-72 (9th Cir. 2001) (citations omitted).

The special-relationship exception applies only where the state "takes a person into its custody and holds him there against his will." *DeShaney*, 489 U.S. at 199-200. Compulsory school attendance does not create a special relationship. *Patel*, 648 F.3d at 973. There is, in this case, no basis for asserting the application of the special-relationship exception.

With a state-created danger, the "affirmative act must create an actual, particularized danger, and the ultimate injury to the plaintiffs must be foreseeable[.]" *Hernandez v. City of San Jose*, 897 F.3d 1125, 1133 (9th Cir. 2018) (internal citations omitted). *See Estate of Amos v. City of Page*, 257 F.3d 1086, 1091 (9th Cir. 2001) ("The danger creation basis for a claim … necessarily involves *affirmative conduct* on the part of the state in placing the plaintiff in danger.") (emphasis in original) (internal quotation marks and quoted sources omitted). The Court does not look to the agency of the state actor or the actor's available options and, instead, looks to whether a state actor left someone in a situation more dangerous than the one in which they found them. *Hernandez*, 897 F.3d at 1133. The actor must have acted with "'deliberate indifference' to a 'known or obvious danger.'" *Id*. (quoting *Patel*, 648 F.3d at 974). There must be proof of disregard to the known or obvious danger and a culpable mental state, imposing a standard even higher than gross negligence. *Id*. A plaintiff must allege facts demonstrating the state actor not only recognized an unreasonable risk, but also actually intended to expose the plaintiff to such risks without regard to the consequences of that exposure. *Id*.

REPORT AND RECOMMENDATION
PAGE - 7

The facts set forth by plaintiff do not support the existence of a substantive due process claim against VanGerpen based on a state-created danger. Plaintiff does not allege VanGerpen took an affirmative act knowing of the danger it posed and intending to expose plaintiff to that danger. Plaintiff explicitly challenges VanGerpen's negligent failure to act. (Dkt. 16 at 6, 9.) He therefore fails to state a due process claim against VanGerpen. *See, e.g., Johnson v. City of Seattle*, 385 F. Supp. 2d 1091, 1097 (W.D. Wash. 2005) ("The denial of police protection, or even the withdrawal of protection, cannot form the basis of a Section 1983 claim because mere inaction does not constitute the necessary affirmative action.") *See also Daniels v. Williams*, 474 U.S. 327, 328 (1985) ("[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property.") (emphasis in original).

C.    Auburn Police Officer John Doe

Plaintiff names Officer John Doe in his official capacity, explaining this individual responded to a call following the altercation with his father, interviewed him, and took photographs at the house of his friend, whose parents "claimed to be foster parents." (Dkt. 16 at 3.) He alleges a "policy of discretion evidently gave . . . Doe the authority to allow [him] to remain with his friend's family without notifying CPS or verifying that these people were indeed foster parents[,]" and that this "negligent and uninformed use of discretion allowed [him] to essentially fall through the cracks of the system, as he was not able to stay with his friend's family forever[,]" and led to him becoming homeless. (*Id*.) He avers Doe violated the Fourteenth Amendment by "failing to adequately protect him from homelessness as other children in similar circumstances are required to be protected." (*Id*. at 8.) He alleges state law negligence in the failure to notify CPS.

Local government officials may be liable in their official capacities under § 1983 where their "action pursuant to official municipal policy of some nature caused a constitutional tort."

*Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978). Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, "the entity's 'policy or custom' must have played a part in the violation of federal law." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

A *Monell* claim may take one of three forms: (1) "when implementation of its official policies or established customs inflicts the constitutional injury"; (2) when omissions or failures to act amount to a local government policy of "deliberate indifference" to constitutional rights; or (3) when a local government official with final policy-making authority ratifies a subordinate's unconstitutional conduct. *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249-50 (9th Cir. 2010), *overruled in part on other grounds in Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1070 (9th Cir. 2016). To state a claim under *Monell*, the pleadings must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The facts alleged must "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id*.

Plaintiff fails to allege facts adequate to state a claim under *Monell*. He does not identify an official policy or custom relating to police response to child abuse, omissions or failures amounting to a policy of deliberate indifference, or ratification of unconstitutional conduct. Plaintiff speculates as to the existence of a "policy of discretion." However, rather than alleging a policy or custom amounting to deliberate indifference to his safety or welfare, plaintiff asserts "Doe determined that it was unsafe for the plaintiff to return home" and therefore allowed him to stay with individuals who identified themselves as foster parents. (Dkt. 16 at 3.) He does not aver the exercise of discretion exposed him to any danger at that time. He alleges he eventually became

REPORT AND RECOMMENDATION
PAGE - 9

1  homeless because his "friend's family was unable to support [him] for a prolonged period of time."
2  (*Id.*) This does not plausibly suggest plaintiff's entitlement to relief under *Monell*.

3  Nor would the amended complaint be fairly read to state a claim of personal liability against
4  Officer Doe. Plaintiff may not hold Doe liable under the Due Process Clause merely for his
5  omissions. *Munger*, 227 F.3d at 1086; *Johnson*, 385 F. Supp. at 1097.[3] Because he was not taken
6  into custody, the special relationship exception does not apply. Because he does not allege or set
7  forth facts supporting an allegation Doe took an affirmative act knowing of the danger it posed
8  and intending to expose plaintiff to that danger, the state-created danger exception does not apply.
9  As with VanGerpen, plaintiff explicitly takes issue with Doe's "negligent" decision. (Dkt. 16 at
10 3 ("negligent and uninformed use of discretion").) He therefore fails to state a claim under § 1983.

11 D.     DCS Specialist Jane Doe

12 Plaintiff brings claims against Jane Doe in her official capacity as a representative of DCS.
13 (Dkt. 16 at 7.) He states Doe removed him from his relatives' house in Arizona and, "acting under
14 prescribed procedure for removing children from dangerous homes," placed him in an emergency
15 foster home in Arizona while a dependency petition was prepared and filed in that state. (*Id.* at 7-
16 8.) He avers Doe acted negligently given that she was made aware his father had been violating
17 the no-contact order and of plaintiff's "life in Auburn that he would be leaving behind if he
18 remained in Arizona." (*Id.* at 8.) He alleges Doe violated the McKinney-Vento Act by initiating
19 placement procedures in Arizona, rather than returning him to Washington so that he could
20 continue his ongoing enrollment at Auburn High School. (*Id.* at 9.)

21

22 [3] Plaintiff may suggest an equal protection violation in asserting Doe failed to protect him from homelessness "as other children in similar circumstances are required to be protected." (Dkt. 16 at 8.) *See*
23 *supra* n. 1. However, he does not identify his membership in a protected class or aver Doe acted "with an intent or purpose to discriminate against" him based on that membership. *Barren*, 152 F.3d at 1194-95.

REPORT AND RECOMMENDATION
PAGE - 10

"State officers in their official capacities, like States themselves, are not amenable to suit for damages under § 1983." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 and n. 10 (1989)). A claim against a government official in his official capacity is treated as a claim against the entity itself. *Community House, Inc. v. City of Boise, Idaho*, 623 F.3d 945, 966-67 (9th Cir. 2010) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)). The Eleventh Amendment serves as a jurisdictional bar to actions for damages against a state in federal court, and the state itself need not be a named party for the Eleventh Amendment to apply.[4] *Leer v. Murphy*, 844 F.2d 628, 631 (9th Cir. 1988) ("If the suit requests that the federal court order a state officer to pay funds from the state treasury for his wrongful acts, the eleventh amendment bars the suit because the state is the real party in interest.") (citations omitted). Plaintiff may not pursue his official capacity claim.

Nor, had plaintiff named Doe in her personal capacity, would the amended complaint suffice to state a claim under § 1983. *See generally Hafer v. Melo*, 502 U.S. 21, 30-31 (1991) (Eleventh Amendment does not bar suit against state officials sued in their personal capacities). In asserting a violation of federal law, plaintiff alleges Doe's decision to remove him from a dangerous home and place him in an emergency foster home, rather than return him to Washington, violated his rights under the McKinney-Vento Act. This Act addresses "the critically urgent needs of the homeless," including ensuring "equal access to the same free, appropriate public education . . . as provided to other children and youths." 42 U.S.C. §§ 11301(b)(2), 11431(1). Although the

---

[4] Under the Eleventh Amendment, an unconsenting state is immune from suits brought in federal courts by its own citizens. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). This jurisdictional bar extends to state agencies and departments, applies whether legal or equitable relief is sought, *Brooks v. Sulphur Springs Valley Electric Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)), and extends to any pendant claims asserting violations of state law, *Pennhurst State Sch. & Hosp.*, 465 U.S. at 124-25; *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973-74 (9th Cir. 2004).

REPORT AND RECOMMENDATION
PAGE - 11

Act itself does not provide a mechanism for civil enforcement of the rights it provides, courts have held plaintiffs may, at least in certain circumstances, enforce those rights by invoking § 1983. *See Lampkin v. District of Columbia*, 27 F.3d 605, 612 (D.C. Cir. 1994); *Nat'l Law Ctr. on Homelessness & Poverty, R.I. v. N.Y.*, 224 F.R.D. 314, 318 (E.D.N.Y. 2004).

Plaintiff does not identify the provision of the McKinney-Vento Act under which he alleges a violation of his rights. As in the original complaint, he appears to seek relief under § 11432(g)(3)(A), the provision providing: "The local educational agency . . . shall, according to the child's or youth's best interest – (i) continue the child's or youth's education in the school of origin for the duration of homelessness . . . or (ii) enroll the child or youth in any public school that nonhomeless students who live in the attendance area in which the child or youth is actually living are eligible to attend." However, this provision, applicable to local education agencies, is unrelated to the decision of Doe, a DCS specialist, to remove plaintiff from a dangerous home and place him in an emergency foster home. *Cf. Lampkin*, 27 F.3d at 610-12 (finding § 11432(e)(3) of the McKinney-Vento Act, which prohibits the segregation of homeless students based on their status as homeless students, conferred enforceable rights on its beneficiaries and allows for the invocation of § 1983 to enforce the right to non-segregated schooling against a state); *Nat'l Law Ctr. on Homelessness & Poverty, R.I.*, 224 F.R.D. at 316-21 (allowing for a § 1983 suit alleging violation of the McKinney-Vento Act through the failure to locate and ensure enrollment of homeless children, provide uninterrupted transportation to enable homeless children to attend school, provide immediate enrollment to homeless children upon becoming homeless, and provide education services comparable to those non-homeless children receive).

As with the claims raised against the other state actors identified in the amended complaint, plaintiff alleges negligence by Jane Doe. (Dkt. 16 at 8 (Doe's decision "was a negligent act")).

While he may seek to pursue this and other state law claims in state court, he fails to state a claim under § 1983 sufficient to proceed in federal court.

## CONCLUSION

The Court concludes plaintiff fails to state a claim under § 1983 and that this matter is subject to dismissal for failure to state a claim upon which relief can be granted. The Court recommends plaintiff's motion seeking an extension of time to confer with counsel for defendants and on any deadline for a conference, leave to prepare summonses for defendants, and service of process by a United States marshal (Dkt. 11) be DENIED and this matter DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 24, 2019**.

DATED this 7th day of May, 2019.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

PAGE - 13